UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Jane Doe,

           Plaintiff,

   v.                                                    3:25-cv-806 (ECC/MJK)

Ithaca City School District, *et al.,*

           Defendants.

---

Leah Costanzo, Esq., for Plaintiff
April J. Laws, Esq., for Defendants

Mitchell J. Katz, U.S. Magistrate Judge

## MEMORANDUM-DECISION and ORDER

Plaintiff moves for permission to proceed under a pseudonym in this action. (Dkt. 13). Defendants oppose the motion. (Dkt. 20). For the reasons set forth below, Plaintiff's motion to proceed under a pseudonym is denied.

### I.   Background

Plaintiff alleges that this case arises from the unlawful conduct of the Ithaca City School District and the four individual defendants, sued in their personal capacities, "who engaged in sexual harassment, gender discrimination, and age discrimination against Plaintiff, Jane Doe, a former ICSD student, while she was getting state-mandated

1

observational hours at ICSD as an adult." (Compl., Dkt. 2 at ¶1). Plaintiff asserts that Defendants accused her of engaging in a sexual relationship with the teacher she was observing. (Compl., at ¶4). Plaintiff alleges that school district officials widely disseminated false accusations against Plaintiff. (Compl., at ¶5). The Complaint makes specific allegations in 131 paragraphs before asserting claims for defamation, invasion of privacy, violation of due process rights, sex discrimination and retaliation in violation of Title IX, intentional infliction of emotional distress, negligence, gender and age discrimination and sexual harassment in violation of New York's Human Rights Law. (*See* Compl. *generally*).

## II. Discussion

### A. Legal Standard

"When evaluating a request by a party to proceed anonymously or by pseudonym courts consider numerous factors, including whether identification would put the affected party at risk of suffering physical or mental injury." *John Wiley & Sons, Inc. v. John Does Nos. 1-27*, No. 11-CV-7627, 2012 WL 364048, at *1 (S.D.N.Y. Feb. 3, 2012) (quoting *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004)).

The Second Circuit has provided a non-exhaustive list of factors to consider in balancing a plaintiff's interest in anonymity against the public interest in disclosure and any prejudice to defendants. *See Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 189-190 (2d Cir. 2008). Those factors are as follow:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.
>
> *Id. at 190* (internal quotation marks and citations omitted).

Application of these factors to the particular facts of a case "is left

to the sound discretion of the district court." *N. Jersey Media Group, Inc. v. Doe,* 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012) (citing *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d at 190). "However, the bar to proceed in Court anonymously is high." *Doe v. Delta Air Lines, Inc.,* No. 23-CV-931, 2023 WL 7000939, at *2 (E.D.N.Y. Sept. 7, 2023). "[P]seudonyms are the exception and not the rule," and a party seeking to "receive the protections of anonymity ... must make a case rebutting that presumption." *United States v. Pilcher,* 950 F.3d 39, 45 (2d Cir. 2020)).

Here, the parties agree concerning the non-exhaustive list of factors to be considered by the Court, with the exception of Factor 10.

### a. Factor 1: Highly Sensitive and Personal Nature

Plaintiff does not allege any form of sexual assault or abuse. (*See generally* Compl., Dkt. 2). Instead, Plaintiff alleges sexual misconduct, defamation, and an invasion of sexual privacy. *Id.* While Plaintiff argues that the allegations of sexual abuse and harassment are examples of highly personal claims favoring anonymity (Dkt. 13, at 1-2), Defendant argues that the claims here

4

do not meet the threshold level of sensitivity required to overcome the presumption of open judicial proceedings (Dkt. 20, at 2) (citing *See, Doe v. Del Rio,* 241 F.R.D. 154, 160 (S.D.N.Y. 2006)) ("[T]he actions [sexual misconduct] alleged here are no more intimate than those alleged in hundreds of sexual harassment cases that are prosecuted openly in the victims' names every day in our courts.")

According to Plaintiff, Defendants contend that Plaintiff was the victim of child sexual abuse. (Dkt. 13, at 2). Plaintiff does not allege the same. (*Id.*) Plaintiff was an adult at the time that she investigated the third-party complaint against the teacher.

Moreover, "courts have also indicated that allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Doe v. Skyline Automobiles Inc.,* 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019); *see also Doe v. Shakur,* 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (denying motion to proceed pseudonymously despite concluding that "[i]f the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault" and "has very legitimate privacy concerns.")

This factor does not weigh in favor of allowing Plaintiff to

proceed anonymously.

### b. Factor 2: Risk of Retaliatory Physical or Mental Harm

Plaintiff alleges that she has already suffered several psychological distresses requiring emergency medical intervention (Compl., at ¶49) and that she continues to experience anxiety, depression, and trauma (Compl., at ¶128). Plaintiff asserts that public identification would greatly exacerbate this harm, subjecting her to victim-blaming, stigmatization, and reputational injury. Courts have recognized that victims of sexual misconduct face unique risks of severe psychological harm from forced disclosure. (Dkt. 13, at 2) (citing *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 197 (E.D.N.Y. 2006)). Nevertheless, "[w]ith regard to allegations of mental harm, plaintiffs must base their allegations ... on more than just mere speculation." *Rapp v. Fowler,* 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (internal quotations omitted). Similarly, the potential for victim-blaming, stigmatization, harassment and gossip into her private life in the future are also insufficient. *See Lawson v. Rubin,* No. 17-CV-6404, 2019 WL 5291205, at *2 (E.D.N.Y. 2019), at *8 (finding an argument that Plaintiff will become subject of future

criticism, social stigma, and ridicule to be "unpersuasive."); *see also Doe v. Cornell Univ.,* No. 19-CV-1189 (MAD/ML), 2021 WL 6128738 at *5 (N.D.N.Y. 2021), *aff'd* 2021 WL 6128807 (N.D.N.Y. 2021) ("[C]ourts have found that evidence of embarrassment, social stigmatization, and economic harm provides an insufficient basis for proceeding anonymously.").

Plaintiff has invited public scrutiny by filing an action in this Court. The public allegations against the individual Defendants likewise invite a measure of public scrutiny, and the allegations against them may well subject them to future criticism, stigma and embarrassment. This factor does not weigh in favor of allowing Plaintiff to proceed anonymously.

### c. Factor 3: Other Harms and Their Severity

Plaintiff asserts that public disclosure would cause her permanent reputational and professional damage. (Dkt. 13, at 2). In addition, she claims that details about her personal life - whether consensual or the result of grooming - would be permanently linked to her name online, following her throughout her career in the small, male-dominated field of music education. (*Id.*). Plaintiff

7

alleges that she has already faced questioning from students and parents about these events, and disclosure would invite further harassment and gossip. (Compl., at ¶89). Plaintiff concludes that forcing her to litigate these violations publicly would compound the very privacy harms this action seeks to redress. (Dkt. 13, at 2).

Protecting potential reputational and professional harm is an insufficient basis on which to proceed under a pseudonym. *See Perelman v. Visa USA, Inc.,* No. 24-CV-9793, 2025 WL 2962006 at *1 (S.D.N.Y. 2025) ("Indeed, courts have recognized that the mere potential for reputational harm does not justify granting a plaintiff anonymity."); *see also Doe v. Gerken,* No. 21-CV-01525, 2022 WL 167914, at *3 (D. Conn. 2022) (internal citations omitted) (*quoting Guerilla Girls, Inc. v. Kaz,* 224 F.R.D. 571,573 (S.D.N.Y. 2004)) ("In sum, 'courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life.'").

As discussed above, the harm that Plaintiff is seeking to protect against is not dissimilar to the potential harm that may be suffered by the individual Defendants if her allegations of misconduct are not proven. In addition, as Plaintiff alleges, there have already been

8

questions and discussions in her community concerning the events which form the basis for this lawsuit. (Dkt. 13, at 2). People already know. (*Id.*). To be clear, a public records search of the individual Defendants will reveal Plaintiff's very serious allegations them. While at present the Complaint is simply Plaintiff's allegations, those allegations are now associated with the names of the Defendants. This factor does not weigh in favor of allowing Plaintiff to proceed anonymously.

### d. Factor 4: Plaintiff's Particular Vulnerability

Plaintiff alleges that she is a young woman early in her professional life, suffering ongoing trauma because of Defendants' conduct and accusations to her college professors that she engaged in sexual misconduct. (Dkt. 13, at 2). Plaintiff alleges that she required emergency medical care and suffered panic attacks and academic withdrawal due to the stress. (Compl., at ¶¶49, 124-125). She also alleges that if Defendants are correct that she was groomed as a minor (which is not an allegation in the Complaint), Plaintiff takes the position that she is a victim of abuse who deserves protection and privacy, not public exposure. (Dkt. 13, at 2).

"The plaintiff's age is a critical factor" in the determination of the fourth factor, 'as courts have been readier to protect the privacy interest of minors in legal proceedings than of adults.'" *Rapp v. Fowler,* 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (citation omitted). "If a plaintiff is not a child, this factor weighs against a finding for anonymity." *Id.* at 530; *see also, Lape v. Waters,* No. 25-CV-180 (MAD/DJS), 2025 WL 671806, at *4 (N.D.N.Y. 2025) (quoting *Doe v. Skyline Auto. Inc.,* 375 F. Supp.3d 401, 406 (S.D.N.Y. 2019)) ("Because Plaintiffs are adults and 'provide no evidence *that [their] age makes [them] particularly vulnerable* to the possible harms of disclosure,' the fourth factor weighs against allowing Plaintiffs to proceed anonymously in this matter.") (emphasis added).

Here, Plaintiff is a college student and legally considered an adult. *See Doe v. City Univ. of New York,* No. 21-CV-9544, 2021 WL 5644642, at *4 (S.D.N.Y. 2021) (". . . where plaintiff brings claims as an adult, courts find this factor cuts against them, *regardless of whether the plaintiff is relatively young*") (emphasis added). As such, Plaintiff's adult status precludes satisfaction of the vulnerability requirement to justify pseudonymous litigation. This factor does not

10

weigh in support of the relief sought by Plaintiff.

### e. Factor 5: Public v. Private Defendants

Plaintiff's claims challenge actions of a public school district and its officials. It is accurate to state that when a plaintiff attacks governmental activity, the plaintiff's interest in proceeding anonymously is considered strong. *See EW v. New York Blood Ctr.,* 213 F.R.D., 108,111 (E.D.N.Y. 2003).

In this case however, there are individual defendants who are sued in their individual capacities. On balance, this factor weighs against Plaintiff's motion.

### f. Factor 6: Prejudice to Defendants

Plaintiff argues that Defendants will suffer no prejudice if pseudonymity is granted because they know her identity, can conduct full discovery, and can defend the case without limitation. (Dkt. 13, at 2). "Generally, a defendant is 'not greatly prejudiced in his ability to conduct discovery' if the defendant 'knows Plaintiff's name.'" *Doe v. DNA Diagnostics,* No. 25-CV-2878, 2025 WL 1725449, at *6 (S.D.N.Y. 2025) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006)). Plaintiff contends that the public disclosure of Plaintiff's name serves

11

no legitimate defense interest and argues that Defendants' refusal to consent, which is alleged to be conditioned on dropping individual-capacity claims (an assertion that Defendants do not contradict), is tactical and unrelated to pseudonymity, thus establishing that no genuine prejudice exists. (Dkt. 13, at 2).

Defendants argue that by suing the individual Defendants in their individual capacities, Plaintiff has essentially conceded that this factor weighs against pseudonymity. Defendants contend that it is unfair to allow plaintiff to proceed anonymously, while requiring defendants to defend themselves publicly. (Dkt. 20, at 5). "[C]ourts recognize that 'there is an imbalance [that] arise[s] where [a] [d]efendant must defend himself publicly while plaintiff could make [his] accusations from behind a cloak of anonymity.'" *Perelman,* 2025 WL 2962006, at *2 (*quoting Doe v. Combs,* No. 25-CV-1652), 2025 WL 1993598 at *5 (S.D.N.Y. 2025)). "Anonymity creates inherent asymmetry between the parties and would make it difficult to obtain witnesses and witness testimony if Defendant is not able to discuss Plaintiff's identity with witnesses." *Id.*

Where credibility is a factor – as will be the case in this action

especially where Plaintiff is also seeking damages for defamation – allowing a plaintiff to proceed pseudonymously presents an inherent risk of prejudice. *See DNA Diagnostics,* 2025 WL 1725449 at *6; *see also Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (by bringing the action Plaintiff "has put [his] credibility in issue"). This factor weighs against allowing Plaintiff to proceed anonymously.

### g. Factor 7: Confidentiality Maintained Thus Far

Plaintiff contends that her identity has been protected from the outset, and filings have consistently used "Jane Doe" and that this fact favors pseudonymity. (Dkt. 13, at 2). Defendant argues that this focus is too narrow and belies other important considerations, noting that while Plaintiff asserts that her identity has remained confidential, she has also conceded that the District Defendants have already been made aware of Plaintiff's identity. (Dkt. 20, at 6) (citing *Sebastian v. Doe,* No. 25-CV-0911, 2025 WL 856242 at *3 (S.D.N.Y. 2025) (holding that Plaintiff's concession that District Defendants were already aware of Plaintiffs identity "undercuts any suggestion that proceeding under a pseudonym is required to protect plaintiff from retaliatory harm for bringing this suit.")); *see also Doe v.*

13

*Mclellan,* No. 20-CV-5997, 2020 WL 7321377 at *3 (E.D.N.Y. 2020) ("Thus, *because the disclosure of plaintiff's identity to Defendant,* as well as the lack of evidence corroborating the alleged risk of harm and retaliation from the general public, the seventh factor weights against allowing plaintiff to proceed anonymously.") (emphasis added). Additionally, the school community in Ithaca is apparently aware of what transpired as Plaintiff alleges that she received questions from non-school district individuals.

Defendants also argue that Plaintiff's allegations of defamation, if credited, means that the alleged defamatory statements have already been published to third parties. (Dkt. 20, at 6). Accordingly, the substance of her claims, along with the information underlying them, has, necessarily and to some extent, already been made public. *See Doe v. Solera Cap, LLC.,* No. 18-CV-1769, 2019 WL 1437520, at *7 (S.D.N.Y. 2019) ("Prior disclosure to the public of a plaintiff's identity effectively nullifies the shield of privacy provided by proceeding anonymously.") (citations omitted); *see also Sebastian,* 2025 WL 856242, at *2 ("But Plaintiffs 'real identity' is already public, as Plaintiff himself admits."). This factor weighs against Plaintiff's request to proceed under a

14

pseudonym in this litigation.

### h. Factors 8 & 9: Public Interest in Disclosure

Plaintiff argues that the public has little legitimate interest in knowing Plaintiff's identity. (Dkt. 13, at 3). According to Plaintiff, the central issues - governmental privacy violations, due process, and Title IX protections - can all be adjudicated without revealing who Plaintiff is, concluding that the public's ability to understand the case, monitor the court proceedings, and evaluate rulings will be fully preserved through pseudonymous proceedings. (*Id.*).

Defendant responds that Plaintiff's view is too narrow. (Dkt 20, at 6) (citing *Doe v. Combs,* 2025 U.S. Dist. LEXIS 136838, at *13 (S.D.N.Y. 2025) (holding that Plaintiff's contention that the public has less interest in her identity as a purported victim of sexual abuse in comparison to District Defendants is too narrow of a view of public interest as "the public also has a legitimate interest in knowing the underlying facts of a litigation, including the identities of litigants."). This factor weighs against allowing Plaintiff to proceed under a pseudonym in this litigation.

### i. Factor 10: Other available protective mechanisms

The tenth factor inquires "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 188-89 (2d Cir. 2008). As Defendant argues, Plaintiff can secure alternative mechanisms for protecting confidential and sensitive information. (Dkt. 20, at 7). The Court agrees. While Plaintiff's name would be disclosed, sensitive, embarrassing or other confidential information can be protected against disclosure. Courts have consistently held that a plaintiff "can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information, or a protective order." *Combs,* 2025 WL 1993598, at *6; *see also Mclellan,* 2020 WL 7321377, at *4 (E.D.N.Y. 2020) ("Due to the existence of alternate means of protecting Plaintiff from the alleged future harms, the final factor weighs against allowing plaintiff to proceed anonymously."). This factor weighs against the relief sought by Plaintiff.

For the reasons set forth above, balancing the Plaintiff's interest in anonymity against both the public interest in disclosure

and any prejudice, the Court finds that the Plaintiff has failed to prove that exceptional circumstances exist which would support allowing her to proceed anonymously.

**WHEREFORE**, based on the findings above, it is hereby

**ORDERED**, that Plaintiff's motion (Dkt. 13) is **DENIED**, and it is hereby further

**ORDERED**, that Plaintiff is directed to file an amended complaint in her actual name no later than **November 28, 2025** and the Clerk of the Court is respectfully directed to substitute the actual name of the Plaintiff on the docket of this action. The case shall proceed with the caption so amended.

Dated: November 12, 2025.

                                                                                   _____

                                                                    Hon. Mitchell J. Katz
                                                                    U.S. Magistrate Judge